# PEARCE vs. NIX.

[BILL. IN EQUITY BY PURCHASER TO OBTAIN CONVEYANCE.]

1. *Sufficiency of proof to disprove answers.*—Where a material allegation of the bill is denied, on information and belief merely, by all the defendants, except one as to whom an answer under oath was waived, and by whom the allegation is denied from knowledge, it is not incumbent on the plaintiff (Code, § 2877) to establish the fact by two witnesses, or by one witness with corroborating circumstances.

2. *Admissibility of assignor's declarations as evidence against assignee.*—The admissions or declarations of the vendor, as to the payment of the purchase-money by the purchaser, are competent evidence against one to whom he afterwards conveys the land, in a suit instituted against them jointly by the purchaser to compel a conveyance of the title.

3. *Estoppel against tenant by acknowledgment of title in another.*—A purchaser of land, who is in possession under a bond for titles executed by his vendor, and who afterwards acknowledges the validity of a third person's title, obtained by contract with his vendor, and consummated by patent from the United States, is not thereby estopped from setting up his own equitable title against such third person, when it appears that his acknowledgment was made under a misapprehension as to the conclusiveness of the patent against his superior equity.

4. *Application of maxim, that he who seeks equity must do equity.*—When a purchaser of land, holding possession under his vendor's bond for title, files a bill in equity against the vendor and a subsequent purchaser, to obtain a conveyance of the legal title, which such subsequent purchaser has procured by patent from the United States, the complainant will be required, before obtaining any relief, to repay to the subsequent purchaser the amount expended by him in procuring his patent, with interest.

APPEAL from the Chancery Court at Wetumpka.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by William Pearce, the appellant, against Joseph M. N. B. Nix, Thomas T. Wall,

and Timothy Church; and sought to obtain a decree for the legal title to a quarter-section of land, which the complainant claimed under a joint purchase by himself and Church from said Nix, together with a subsequent transfer to him by Church of the latter's interest; and to which the defendant Wall, having subsequently purchased from Nix, procured a patent from the United States. The bill was filed on the 9th May, 1853. The purchase by the complainant and said Church was made on the 1st Sept., 1840. The bill alleged, that the complainant entered into the possession of the land soon after his purchase from Nix, and continued in possession, by himself and his tenants, up to the filing of the bill; that Nix executed to him and Church a bond, conditioned to make title to the land on the payment of the unpaid portion of the purchase-money,—a portion having been paid at the time the contract was made; that the balance of the purchase-money, with interest, was afterwards paid in full; and that Wall, having notice of the complainant's possession and equitable rights under his contract, subsequently entered into some arrangement with Nix, and procured a patent for the land from the United States, and had instituted an action at law against the complainant to recover the land. The prayer of the bill was for an injunction of the action at law, an account, a decree for the legal title to the land, and general relief.

All the defendants filed answers. Wall, who was in fact the principal contesting defendant, denied notice of the complainant's equitable rights, and insisted that he was entitled to protection as a *bona-fide* purchaser for valuable consideration; alleging, also, that the complainant had acknowledged his superior title under the patent, and had promised to deliver up the possession of the land.

On final hearing, on pleadings and proof, the chancellor held, that Wall was not entitled to protection as a *bona-fide* purchaser without notice; but he dismissed the complainant's bill, for want of sufficient proof of the payment of the purchase-money; and his decree on that point is now assigned as error.

ELMORE & YANCEY, for appellant.

N. S. GRAHAM, *contra.*

A. J. WALKER, C. J.—The question chiefly discussed in this case is as to the sufficiency of the testimony to establish the payment of the purchase-money of the land in controversy. The payment alleged in the bill is not denied by any of the defendants, except Nix, on the authority of a knowledge of the facts. As to Nix, there is a waiver of answer on oath. Because the defendants, besides Nix, do not deny the allegation from knowledge, and because an answer on oath by Nix is waived, it was not incumbent on the complainant to establish the fact alleged by two witnesses, or by one with corroborating circumstances.—Code, § 2877.

[2.] One witness, Kelly, proves positively the declaration of Nix, made before his transfer to Wall, that the purchase-money due on account of the purchase of complainant and Church was paid. This admission of Nix, made before his transfer to Wall, is evidence against the latter.—Gillespie v. Burleson, 28 Ala. 551; Jennings v. Blocker, 25 Ala. 415.

The declaration of Nix, proved by Kelly, is corroborated by other circumstances in this case. Those circumstances are—that Nix executed an instrument, acknowledging that there was, or would be, due to the complainant, on 1st January, 1845, two hundred and thirty dollars, to be paid on certain notes held by Nix on the complainant; that the sum therein mentioned corresponds very nearly with the amount which at that time (1 Jan., 1845) would be due to Nix on account of the purchase of the land; and that the correctness of the other debts of Nix against Pearce, which are set up as the debts intended to be paid with the two hundred and thirty dollars, is improbable. The reasons why the correctness of these last-named debts is not probable, are their antiquity, and the fact that Nix twice allowed accounts of Pearce, as credits on the purchase-money of the land, when, if those debts were correct, it would have been more appropriate and natural to have made the credits on them.

13

[3.] If it be conceded, that Pearce acknowledged himself the tenant of Wall, he would not be estopped from asserting his right in equity to the land. He was in possession, holding and claiming title under his equitable right, at the time of the transaction which is supposed to evidence an acknowledgment of tenancy. He did not obtain possession by virtue of such an acknowledgment. The acknowledgment of tenancy, if made at all, was the result of an entire misapprehension and mistake of Pearce, as to the conclusiveness of Wall's patent against his subsisting equity. Such an acknowledgment, made under such a misapprehension and mistake, by one in possession under his own equitable title, does not operate an estoppel. Jackson v. Spear, 7 Wend. 401; Washington v. Conrad, 2 Humphreys, 562; Jackson v. Leek, 12 Wend. 105; Rogers v. Pitcher, 12 Petersdorff's Ab. 37; Smith v. Curtis & Cobb, 11 Verm. 323; 2 Smith's L. C. 658, note to Doe v. Oliver.

[4.] The complainant, seeking equity, must do what equity and justice require. He must pay to the defendant Wall the money expended by him in procuring the patent in Washington city, with interest; and such payment must be a condition precedent to his obtainment of any relief in this case.

The decree of the court below is reversed, and the cause remanded, that the chancellor may render a decree consistent with the foregoing opinion, and for further proceedings in pursuance of such decree.