Argued October 22, decided November 17, 1908.

**THOMAS v. BOOTH-KELLY CO.**

[97 Pac. 1078.]

APPEAL AND ERROR—RIGHT TO REVIEW—CONDUCT—AFFECTING RIGHT—MOTION TO DISMISS—EVIDENCE.

1. Evidence *dehors* the record is admissible in the Supreme Court to show that since a decree was rendered appellant has so dealt with the subject-

matter of the suit as to preclude him from further asserting his alleged right on appeal.

RELEASE—OPERATION—RELEASE OF RIGHT TO RELIEF FOR INJURIES TO PROPERTY.

2. Plaintiff in a suit to enjoin the maintenance of a dam in a stream by which his land was overflowed, so that about 15 acres of the entire tract was rendered useless, after dismissal of the suit, executed [a deed to defendant to 29 acres of the land along and through which the stream flowed. *Held*, that he thereby released to defendant all claim to injunctive relief as to the entire tract, as well as to damages for injuries thereto; there being no reservation of a right to a continuation of equitable intervention as to the land not conveyed.

APPEAL AND ERROR — RIGHT TO REVIEW — CONVEYANCE AFFECTING RIGHT—DISMISSAL.

3. Where, in a suit to enjoin the maintenance of a dam resulting in injury to about 15 acres of plaintiff's land, complainant, after judgment of dismissal, conveyed 29 acres of the land through which the stream flowed, he was precluded from thereafter asserting his right to relief as to any of the land on appeal, and his appeal will be dismissed.

From Lane: JAMES W. HAMILTON, Judge.

For appellant there was a brief over the names of *Messrs. Weatherford & Wyatt,* with an oral argument by *Mr. James K. Weatherford.*

For respondent there was a brief over the names of *Mr. Absalom C. Woodcock,* with oral arguments by *Mr. Albert H. Tanner* and *Mr. Woodcock.*

Statement by MR. JUSTICE MOORE.

This is a suit by Jonathan J. Thomas against the Booth-Kelly Co., a corporation, to enjoin the maintenance of a dam alleged to have been built in such a manner as to interfere with the natural flow of water in certain streams, and to restrain the driving and storing of sawlogs therein. The complaint sets forth the preliminary facts necessary to give the court jurisdiction, describes the plaintiff's premises and the channels extending through them, and alleges that the defendant built a dam in one of the streams, causing backwater to overflow a part of plaintiff's cultivated land, rendering it unproductive, making his fords impassable, and forming stagnant pools, which menace his health; that the defendant stored sawlogs in such water courses, which injured

their banks and prevented the plaintiff from crossing the streams with teams; and that the damages thus inflicted are continuous, and the injury imposed is irreparable, for the redress of which actions at law will not afford adequate remedies.

The answer denies the material averments of the complaint, and alleges that the defendant and its predecessors in interest have for more than 40 years continuously operated mills at Coburg, driving and holding sawlogs in the streams mentioned, which water courses are navigable for that purpose, and that the right to continue such use and to set back the flow of water by a dam has been acquired by prescription, stating the manner of securing and retaining such possession.

The reply put in issue the allegations of new matter in the answer, and, the cause having been referred, the court made findings of fact from the testimony taken, and dismissed the suit. From this decree, the plaintiff appeals.                                        DISMISSED.

MR. JUSTICE MOORE delivered the opinion of the court.

1. It appears from the uncontradicted affidavit of the defendant's attorneys that, after this cause was determined in the lower court, the plaintiff executed to their client a deed, conveying to it 29.35 acres of land, through and along which two of the specified streams flow, which tract is a part of the premises described in the complaint; and, based on the sworn written declaration, it is contended that the appeal should be dismissed. The rule is settled in Oregon that evidence *dehors* the record is admissible in this court to establish the fact that, since a judgment was rendered or a decree given, the party appealing therefrom has so dealt with the subject-matter of the suit or action as to preclude him from further asserting his alleged right on appeal: *Moore* v. *Floyd*, 4 Or. 260; *Portland Con. Co.* v. *O'Neil*, 24 Or. 54 (32 Pac. 764); *Ehrman* v. *Astoria Ry. Co.* 26 Or. 377 (38 Pac.

306) ; *Bush* v. *Mitchell,* 28 Or. 92 (41 Pac. 155) ; *Moores*
v. *Moores,* 36 Or. 261 (59 Pac. 327) ; *Merriam* v. *Victory
Mining Co.* 37 Or. 321 (56 Pac. 75: 58 Pac. 37: 60 Pac.
997) ; *Livesley* v. *Johnston,* 48 Or. 40 (84 Pac. 1044).

2. The testimony given at the trial has been examined
with care, and, if it conclusively appeared therefrom that
the relief which the plaintiff originally sought should
have been granted, the conveyance referred to makes
such an award impossible, for it is not manifest from
the affidavits mentioned that any reservation was made
in the deed of a right to a continuation of equitable
intervention as to the remainder of the real property
which might be affected by the alleged overflow, or by
the driving or storing of sawlogs in the streams specified.
The plaintiff at the trial, referring to the injury to his
land which he maintains he sustained, testified as fol-
lows: "I consider the value is lost on about 10 or 15
acres, taken on the whole place." It will be remembered
that he conveyed to the defendant a greater area of land,
and, in the absence of any reservation in the deed, it
must be taken for granted that he thereby released to
the defendant all claim to injunctive relief as against
the entire premises, including any injury thereto.

3. Believing that the deed brings the case within the
legal principle announced in the cases adverted to, the
appeal must be dismissed, and it is so ordered.

DISMISSED.