Argued on motion to dismiss Januray 12, decided February 9, rehearing denied May 18, 1909.

## ELWERT v. MARLEY.

[99 Pac. 887; 101 Pac. 671.]

APPEAL AND ERROR—RIGHT OF APPEAL—WAIVER.

1. A party to an action, subsequent to a judgment or order against him, may waive his right to appeal by acquiescing in the order or judgment by payment, part payment, or an acceptance of benefits thereof.

APPEAL AND ERROR—RIGHT TO APPEAL—WAIVER.

2. Plaintiff having recovered judgment restraining defendants from interfering with certain alleged wharfage rights, defendants other than Olsen refused to appeal, and were joined in Olsen's appeal over their protest. Pending the appeal, Olsen leased from plaintiff's grantee the right of mooring a houseboat on the premises in controversy for two months, and continued in possession thereof without offering to surrender the same. *Held*, that Olsen thereby acquiesced in the decree, and that his appeal should be dismissed.

APPEAL AND ERROR—RIGHT TO APPEAL—ACQUIESCENCE IN DECREE.

3. Where after an appeal taken from a decree restraining appellant from using certain wharfage rights, plaintiff's grantee negotiated a lease with appellant of the right to moor a houseboat on the land in controversy, the lessor's representation inducing appellant to make the lease that its execution would not affect appellant's appeal was a mere representation of an erroneous opinion as to the law, and was no ground for sustaining the appeal, as against a motion to dismiss because of appellant's acquiescence in the decree.

APPEAL AND ERROR—RIGHT TO APPEAL—SATISFACTION OF DECREE.

4. A decree in equitable ejectment required defendant to vacate the premises. In contempt proceeding for his failure to do so, the court granted him five days to observe the decree. Within that period he leased the land from plaintiff's grantee with knowledge of the conveyance to the grantee. *Held*, that the effect of the lease was a satisfaction of the decree, which deprived plaintiff's grantee of the right to invoke the aid of the court under the decree to recover possession.

From Multnomah: JOHN B. CLELAND, Judge.

## ON MOTION TO DISMISS.

Statement by MR. COMMISSIONER SLATER.

This suit was brought by Carrie M. Elwert against P. H. Marley, H. E. Noble, and J. Olsen to restrain them from interfering with, or making use of, certain alleged wharfage rights on the Willamette River, alleged to be appurtenant to and abutting upon lot 5, block 2, East Portland, Multnomah County, Oregon, and to belong to the plaintiff as owner of said lot, and to adjudicate and determine any claim of title thereto asserted by the defendants adversely to plaintiff's alleged rights.

The answer denies that the wharfage rights in dispute are appurtenant to lot 5, block 2, and therefore defendants deny plaintiff's alleged rights. The ownership of lot 5 is admitted to be in plaintiff, and for an affirmative defense a fee-simple title is alleged to be in defendant Noble to a fractional lot 4 of block 2, alleged to exist and to be situate between the west line of lot 5 and ordinary high-water line, and therefore it is claimed that the wharfage rights in dispute are appurtenant to such fractional lot 4, and not to lot 5, and belong to Noble, who acquired his title from Marley. It is further alleged that Noble's title is "subject only to a right to purchase in the defendant J. Olsen," and that:

"Under and by virtue of the aforesaid contract with the defendant H. E. Noble, the defendant J. Olsen is, and at the commencement of this suit, and for a long time prior thereto was, in the actual physical possession of said real property, and of the whole thereof."

This constitutes the only right claimed by Olsen. Other defenses, not material to be stated, were also included.

The reply put at issue the new matter of the answer, and upon a trial thereof the court found for the plaintiff, and enjoined the defendants from obstructing, disturbing, or interfering with plaintiff's rights of wharfage adjudged to be appurtenant to said lot 5.

Marley and Noble were requested by Olsen to join with him in an appeal from the decree, but they refused, and the latter, claiming that his rights were joint with, and subject to, the rights of his co-defendants, appealed, joining in the notice with himself Marley and Noble as appellants over their protest, all of which facts he has recited in his notice.                    APPEAL DISMISSED.

*Mr. Ephraim B. Seabrook,* for the motion.

*Mr. George S. Shepherd* and *Mr. William H. Fowler,* contra.

Opinion by MR. COMMISSIONER SLATER.

1. Plaintiff moves to dismiss the appeal on the ground that, subsequent to the rendition of the decree, and before the appeal, Olsen took from M. W. Parelius, who is plaintiff's grantee, a lease of the premises in dispute, thereby recognizing and acknowledging the validity of the decree, and estopping himself from further contesting the title and right to the enjoyment of the premises by plaintiff and those in privity with her. It appears from the affidavits of Parelius in support of the motion, and from Olsen's in answer thereto and the former's reply, that on August 21, 1906, which was after the cause had been submitted, Parelius received from plaintiff a conveyance of lot 5 and the wharfage rights claimed to be appurtenant thereto, in pursuance of a contract of purchase entered into between them prior to the origin of the suit; that the deed was recorded, of which Olsen had knowledge; that on April 26, 1907, and after the entry of decree, Olsen entered into a written contract of lease with Parelius respecting the property rights in dispute. The contract is mutual in its covenants, and was executed by both parties under seal. By its terms Parelius, for the consideration of $2 per month, to be paid by Olsen, leased to the latter the right and privilege of mooring and keeping for two months a certain scow or houseboat owned by him upon certain premises,

described as being "between ordinary high-water mark in the Willamette River and the established harbor line of said river and abutting upon lot 5 in block 2 in East Portland," etc., being the identical property and rights in litigation herein. In consideration of the lease Olsen therein agreed to pay the monthly rent in advance, beginning on May 1, 1907, and that at "the expiration of said term he will quit, vacate, and surrender up said premises to Parelius." It is stated in the latter's affidavit that one month's rent was paid. This is denied by Olsen; but it appears to be uncontroverted by him that he continued in the possession of the leased premises, and has never at any time offered to surrender them to Parelius.

A party to an action may, by his acts subsequent to a judgment or order against him, waive his right to have such right or order reviewed by an appellate court, as by acquiescing therein by payment or part payment, or by accepting the benefits thereof. *Moore* v. *Floyd,* 4 Or. 260; *Portland Const. Co.* v. *O'Neil,* 24 Or. 54 (32 Pac. 764).

2. In *Ehrman* v. *Astoria Ry. Co.,* 26 Or. 377 (38 Pac. 300) it was held that the right to appeal from a decree refusing to foreclose a mechanic's lien is waived by bringing an attachment action after the entry of the decree, when the right of attachment is conditioned upon the fact that the claim is not secured by any lien or mortgage. *Kansas City Ry. Co.* v. *Murray,* 57 Kan. 697 (47 Pac. 835); *Fidelity & Deposit Co.* v. *Kepley,* 66 Kan. 343 (71 Pac. 818). So any act, on the part of a defendant, by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right of appeal therefrom or to bring error to reverse it. 2 Cyc. 656. The case of *Sheldon* v. *Motter,* 59 Kan. 776 (53 Pac. 127), was a proceeding brought to review an order confirming a sale of real estate at which the defendant Motter was the purchaser. Since the petition

in error was filed, plaintiff and her husband accepted a
lease from Motter for the land sold, and attorned and
paid rent for the same. It was held that this was a
recognition of the defendant's title which was inconsistent
with the prosecution of the writ of error, and the same
was dismissed. In *Stauffner* v. *Salimonie Mining & Gas
Co.,* 147 Ind. 71 (46 N. E. 342), plaintiffs had sued to
have canceled a lease made by them upon certain lands.
A demurrer to the complaint was sustained, and, refusing
to plead over, judgment went against them, from which
they appealed. After perfecting their appeal they sold
and conveyed the leased premises to one Dudding, and
also transferred to him their interest in the lease. After-
wards they received from the lessees the rent due them
to the date of the transfer. It was held, on motion to
dismiss the appeal, that by assigning the lease to Dud-
ding after the rendition of the judgment, and by accept-
ing rent due thereunder accruing subsequently to the
judgment from which the appeal was taken, they recog-
nized the lease as still of binding force, and thereby
waived their objection urged for its cancellation. And
to the same effect is *Ewing* v. *Ewing,* 161 Ind. 484 (69
N. E. 156).

3. As to whether or not appellant paid one month's
rent under the lease is not so material here, for he agreed
to pay for, and he occupied and enjoyed, the use of the
premises as a consideration of his promise. By the exe-
cution of this contract, and the continued enjoyment of
the premises thereunder, appellant became by his own
voluntary act the tenant of Parelius, and thereby effect-
ually estopped himself from further disputing the latter's
title. *Jones* v. *Dove,* 7 Or. 467. Plaintiff has sought to
avoid the effect of the lease by claiming that the lease
was fraudulently obtained from him by Parelius, with
an intent to cheat and defraud him out of any rights
he might have on this appeal, that the lease was signed
by him at the special instance and request of Parelius

at a time when he (Olsen) was on the east side of the
river, and had no opportunity of consulting an attorney,
and that Parelius at the time informed him that it could
not, and would not, in any way affect his rights on appeal.
The facts disclosed show, however, that two or three
days intervened between the time when the agreement
to lease was first orally made, with an understanding that
Parelius was to have the same thereafter reduced to
writing and to present it to Olsen for execution, during
which time the latter had opportunity to consult his
attorney if he deemed it necessary; and, as to the repre-
sentations which Olsen says were made to him by Parelius
as an inducement to secure the execution of the instru-
ment, and on which he says he relied, even if uncontro-
verted, which is not the case, they amount to no more
than an expression of an opinion by Parelius as to the
law applicable to the contract when executed, and of that
matter one party was as able to judge as the other. Each
party must be presumed to have known the law, and a
mistake in respect thereto furnishes no ground for setting
aside the instrument executed under such circumstances,
or for disregarding its legal effect. But the facts are
disputed by Parelius, who says he had no such conversa-
tion with Olsen. The effect of the decree was to require
Olsen to vacate the premises, but he failed to comply
therewith, and was charged with contempt of court.
He says that he was preparing to appeal. Had he done
so promptly, and given the necessary undertaking pro-
vided by statute, he could have stayed further proceed-
ings against himself. In answer to the charge he dis-
claimed any intentional disobedience of the decree, and
promised to comply with it. He was then given five days
in which to purge himself of contempt by vacating the
premises, whereupon he applied to Parelius to lease the
privilege of keeping his scow where it was, which resulted
in the agreement stated. He afterwards perfected this
appeal.

In our judgment there are not sufficient facts stated by Olsen to avoid the estoppel set up, and it follows that the motion to dismiss should be allowed.

DISMISSED.

Decided May 18, 1909.

## ON PETITION FOR REHEARING.

[101 Pac. 671.]

MR. JUSTICE SLATER delivered the opinion of the court.

4. The defendant Olsen urges that one who is in possession of property and takes a lease is not estopped to deny a landlord's title, that the estoppel of the tenant to deny the landlord's title does not exist after the expiration of the lease, and that the lease in question is for a part only of the premises, and therefore the estoppel would not run at all. None of these contentions has any merit as applied to the facts of this case. In support of the first of these contentions, *Pearce* v. *Nix,* 34 Ala. 183, *Franklin·*v. *Merida,* 35 Cal. 567 (95 Am. Dec. 129), and *Crocket* v. *Olthouse,* 35 Mo. App. 404, together with some other cases from the same states, are cited; but none of them are applicable to the facts of this case, and, so far as they refer to the general rule, first above contended for, they appear to be in conflict with the great weight of authority as stated by 18 Am. & Eng. Enc. Law (2 ed.) 415.

In the main opinion we sustained the motion to dismiss upon the grounds of estoppel, but we are now satisfied that it may be put upon a broader ground, to-wit, that the legal effect of the giving and the taking of the lease amounted to a satisfaction of the decree. The suit is in the nature of an equitable action of ejectment, and the effect of the decree was to require Olsen to vacate the premises, but he failed to comply therewith, and, upon the petition of Parelius, was charged with contempt of court. The court then had power to compel him to observe and conform to the decree, and granted him five

days to do so; but within that time the lease in question was entered into, and thereupon a new relation was created between the parties, which deprived Parelius of the right further to invoke the aid of the court under the decree to recover possession, and this would be so although the term of the lease had expired. To obtain possession he would be compelled to resort to a new and independent proceeding.

It was held in *Hough's Lessee* v. *Norton,* 9 Ohio, 45, 48, that if, after a recovery in ejectment, the lessor of the plaintiff contracts to sell or leases the premises to the defendant, the tenant in possession, he cannot subsequently revive the judgment by *scire facias.* It is there said: "When the tenant takes the lease, he admits the right of the landlord, and for the recovery of rent the landlord must look to the covenants of the lease. From the time of the execution of the lease, the relative situation of the parties is changed. The possession of the tenant is not adverse to, but in accordance with, the rights of the landlord. His possession for many purposes will be considered as the possession of the landlord, and the latter has, in fact, derived all the advantage from his judgment which that judgment was intended to secure." The principle there enunciated is applicable here.

The petition for rehearing will therefore be denied.

DISMISSED: REHEARING DENIED.