Argued July 9, affirmed September 9, 1924.

## LESLIE S. BARNES *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(228 Pac. 684.)

**Master and Servant—Appeal Precluded by Accepting Check for Compensation.**

Accepting and cashing Industrial Accident Commission's check for amount of award, reciting that it was in full settlement of claim for compensation, by estoppel and waiver, precludes appeal, notwithstanding subsequent tender into court of the amount paid.

From Washington: GEORGE R. BAGLEY, Judge.

Department 1.

For appellant there was a brief over the name of *Messrs. McGuirk & Schneider,* with an oral argument by *Mr. Walter T. McGuirk.*

For respondent there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

RAND, J.—The plaintiff, Leslie S. Barnes, sustained a personal injury while engaged in an employment within the operation of the Workmen's Compensation Act. He filed an application with the State Industrial Accident Commission of Oregon for compensation for the injury and secured an award therefor. Subsequently he made another application for additional compensation for the same injury and secured an additional award. All sums awarded upon both of said applications have been paid. After receiving and accepting payment of the amount last

See Workmen's Compensation Acts, § 123 (1926 Anno.).

awarded to him by the commission he appealed to the Circuit Court for Washington County from the order of the commission fixing the amount of the award and tendered in money the amount thereof to the clerk of that court. The Circuit Court dismissed the appeal upon the ground, as recited in its order, that "it appears from the notice of appeal that plaintiff, prior to filing his appeal herein, accepted the award fixed by the commission for permanent partial disability and (that by) indorsing and cashing the check which accompanied said notice of final action and by accepting the fruits of the commission's final action he is estopped from appealing therefrom." He now appeals from the order of the Circuit Court dismissing his said appeal, and contends that his acceptance of the check and receipt of the money did not operate to waive his right to appeal from the decision of the commission fixing the amount paid him as compensation for the injury which he sustained.

The decision of the commission from which plaintiff appealed to the Circuit Court for Washington County determined the amount of compensation that plaintiff was entitled to receive for the injury he had sustained. This amount was paid to plaintiff by a check issued by the commission, which recited that it was given in full settlement of plaintiff's claim for compensation. Plaintiff accepted the check and converted it into money. If dissatisfied with the amount fixed by the commission as compensation for the injury, plaintiff should have refused to accept the check and have appealed from the order of the commission which fixed the amount so paid. By accepting and cashing the check plaintiff conceded that the award was valid, for it was only by virtue of the award itself that he obtained the money that was paid to him

for the injury he had sustained. By accepting payment of the amount of the award, he necessarily affirmed the validity of the award, and his affirmance of its validity thereafter estopped him from in any way disputing its validity, which, of necessity, estops him from prosecuting an appeal, because he cannot appeal from an order without at the same time denying its validity. By accepting and cashing a check for the amount found by the commission to be due him for the injury, he discharged and extinguished his claim for compensation for the injury, and nothing subsequently done by him could revive it. Hence, his tender into court of the amount paid him in satisfaction and discharge of his claim did not operate to revive the claim, as the claim at that time had been irrevocably discharged. Again, his acceptance of the check and his conversion of it into money constituted an irrevocable election upon his part to take the amount awarded him in satisfaction and discharge of his claim, and this election operated to waive any right upon his part to appeal from the award, for his right to the money was wholly inconsistent with his right to appeal from the order which awarded him the money. He could not enjoy the benefits of the decision and at the same time appeal from the decision. By accepting the money he destroyed not only his right to appeal but also the claim itself, which was extinguished by payment to him and his acceptance thereof. The right to appeal and to enjoy the fruits of a judgment or decree are totally inconsistent, and an election to take one course is a renunciation of the other. Such was the holding of this court in the case of *Claims of Graves, post,* p. 143, decided Feb. 26, 1924 (223 Pac. 248), and in analogous cases has been the holding of this court. See *Moore* v. *Floyd,* 4 Or.

260; *Portland Const. Co.* v. *O'Neil,* 24 Or. 54 (32 Pac. 764); *Ehrman* v. *Astoria Ry. Co.,* 26 Or. 377 (38 Pac. 306); *Bush* v. *Mitchell,* 28 Or. 92 (41 Pac. 155); *Merriam* v. *Victory Min. Co.,* 37 Or. 321 (58 Pac. 37, 60 Pac. 997); *Livesley* v. *Johnston,* 48 Or. 40, 48 (84 Pac. 1044); *Roots* v. *Boring Junction L. Co.,* 50 Or. 298, 311 (92 Pac. 811, 94 Pac. 182); *Oregon Elec. Ry.* v. *Terwilliger L. Co.,* 51 Or. 107, 114 (93 Pac. 930); *Thomas* v. *Booth-Kelly Co.,* 52 Or. 534, 536 (97 Pac. 1078, 132 Am. St. Rep. 713); *Elwert* v. *Marley,* 53 Or. 591, 594 (99 Pac. 887, 101 Pac. 671, 133 Am. St. Rep. 850); *Wallace* v. *McDaniel,* 59 Or. 378, 387 (117 Pac. 314, L. R. A. 1916C, 744). See, also, Elliott's Appellate Procedure, § 150; Freeman on Judgments, § 426.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.