Submitted on motion to dismiss appeal March 19, motion allowed
March 27, 1928.

## J. A. WEST ET AL. *v.* JACOB W. BROADWELL ET AL. (No. 2877.)

(265 Pac. 783.)

**Appeal and Error—Defeated Litigant cannot Accept Part of Benefits of Judgment and Appeal from Remainder.**

1. One appealing from judgment in action at law must appeal from the entire judgment, and a defeated litigant cannot accept and acquiesce in part thereof, by accepting benefits, and appeal from the remainder.

**Appeal and Error—Appellant's Affidavit Showing Settlement of Judgment Appealed from, in so Far as It Related to Costs, Held to Require Dismissal of Appeal.**

2. Appellant's affidavit, showing settlement of adverse judgment appealed from, in so far as it related to costs, *held* to require dismissal of appeal on account of acquiescence in part of judgment.

From Lincoln: G. F. SKIPWORTH, Judge.

In Banc.

MOTION ALLOWED.

For the motion, *Messrs. Botts & Winslow.*

*Contra, Messrs. Vinton & Tooze.*

PER CURIAM.—1, 2. This cause comes upon motion to dismiss the appeal. Plaintiffs recovered judgment in an action to recover the possession of real property. The judgment was based upon the verdict of a jury. Thereafter defendants gave notice of an appeal to this court. Thereafter and before the transcript was filed here it is alleged in an affidavit by an attorney for plaintiffs that the controversy between plaintiffs and defendants had been fully settled and terminated. The motion to dismiss

---

1. See 2 R. C. L. 33.

is based upon the affidavit averring that said cause had been settled. This affidavit is disputed in part by counsel for defendants who appeal. Counsel for defendants deny that the cause was settled, but state:

"That relative to the said agreement of settlement, I hereby admit that the said Broadwells signed said memorandum shortly after judgment was obtained against them for costs, and that they agreed to leave some hay on the real premises involved in the ejectment suit in consideration of the plaintiffs cancelling and satisfying the said judgment for costs; that the said plaintiffs wholly failed and neglected to comply with said agreement, and did not cancel or satisfy said judgment for costs until long after the defendants had filed and served their notice of appeal herein. That said agreement of settlement was intended solely as settlement of said judgment for costs and was not intended as a settlement between the parties of their respective rights with reference to the property involved. * * "

The memorandum referred to in said affidavit is as follows:

"Broadwell Bros. hereby agree to leave all hay now on West place for West and the said J. A. West in consideration thereof agrees to cancel judgment for costs and Broadwell Bros. agree to vacate premises by Oct. 1st–27."

This statement in the affidavit of appellants is tantamount to an admission that appellants paid and settled the costs. It was early held in this court that one appealing from a judgment in an action at law must appeal from the entire judgment. A defeated litigant cannot accept a part of the benefits of the judgment and appeal from the remainder. He cannot accept and acquiesce in a part of the judgment and appeal from the remainder. This was expressly held to apply to costs and disbursements in *Moore* v.

*Floyd,* 4 Or. 260, 261. This case was decided in 1872, and this court has adhered consistently to that principle ever since. *Moore* v. *Floyd* was cited with approval in *Barnes* v. *State Industrial Acc. Com.,* 112 Or. 41 (228 Pac. 684), and numerous other cases cited in pages 43 and 44, and in *Graves* v. *State Industrial Acc. Com.,* 112 Or. 143, 147, 148 (223 Pac. 248).

The motion to dismiss the appeal must be allowed, and it is so ordered.

Appeal dismissed.                            DISMISSED.