Argued April 26; affirmed June 27, 1944

## MATSON *v.* RHODES
(149 P. (2d) 974)

*Wallace Smith,* of Portland (Kneeland, Smith & Pipes, of Portland on the brief), for appellant.

*W. J. Prendergast, Jr.,* of Portland, for respondent.

Before BAILEY, Chief Justice, and ROSSMAN, KELLY, BRAND and HAY, Associate Justices.

HAY, J. This is an appeal from an order of the circuit court for Multnomah County, quashing a writ of review which that court had directed to the district court for Multnomah County.

Plaintiff-appellant, on October 8, 1942, secured a default judgment in the sum of $299.77, with interest, against defendant-respondent, in the district court, based upon substituted service of summons. On January 8, 1943, defendant moved in the district court to

vacate the default judgment, on the grounds that "no proper and legal service was made upon him as by statute provided and that said judgment was in fact a surprise to him." The motion was supported by affidavits which tended to show that, in making the substituted service, the officer failed to comply with the statute under which such service is authorized (section 1-605, O. C. L. A.), that in fact the defendant was not served, and that he had, moreover, no notice of the pendency of the action. Counter affidavits were filed, and the court, upon due consideration, on January 14, 1943, set the default judgment aside. On January 16, 1943, in response to defendant's demand, filed January 13, 1943, plaintiff filed a bill of particulars of her cause of action. On January 20, 1943, defendant filed a demurrer to the complaint and bill of particulars, and, alternatively, moved to make the complaint and bill of particulars more definite and certain. On March 5, 1943, plaintiff filed in the circuit court for Multnomah County her petition, in due form, for a writ of review of the order of the district court vacating the default judgment, and, on March 22, 1943, the circuit court issued such writ. On April 5, 1943, defendant served upon plaintiff, and, either on May 7 or May 14, 1943, (the motion bears two filing stamps) filed a motion to quash the writ of review, assigning various grounds. On June 9, 1943, plaintiff filed a motion for an order to strike defendant's motion to quash. On June 30, 1943, the circuit court entered an order quashing the writ of review and dismissing the proceeding, and, on August 2, 1943, an order denying plaintiff's motion to strike. Plaintiff appealed to this court from both such orders.

██ Numerous errors are assigned by the appellant, into a discussion of which it is unnecessary for us

to enter. A party may waive his right to test, either by writ of review or by appeal to a superior court, the orders or proceedings of an inferior tribunal. Waiver or estoppel in this respect may result from his acquiescence in the orders or proceedings of the latter, or his submission thereto without objection. 14 C. J. S., Certiorari, section 52. Thus, in *Ferguson v. Sabo,* 115 Conn. 619, 162 A. 844, plaintiff, who, after judgment in his favor was vacated, filed an amended complaint, was held to have waived his right to take advantage of any error committed in opening the judgment. In a similar case, we held that "any act, on the part of a defendant, by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right of appeal therefrom or to bring error to reverse it." *Elwert v. Marley,* 53 Or. 591, 99 P. 887, 101 P. 671, 133 Am. St. Rep. 850.

■ In the present case, after entry of the order vacating and opening the default judgment, appellant, in compliance with the respondent's demand, filed in the district court a bill of particulars of the transactions comprising the basis of her complaint. A bill of particulars, it has been held, when it states a cause of action consistent with the complaint, becomes a part thereof. *Smolka v. James J. Chandler & Son,* 41 Del. 255, 20 A. (2d) 131, 134 A. L. R. 629, 633; 41 Am. Jur., Pleading, section 268. We are of the opinion that the filing of the bill of particulars was tantamount to the filing of an amended complaint, and constituted acquiescence in or submission to the court's order opening the default judgment. The orders of the circuit court, quashing the writ of review and denying appellant's motion to strike, were, therefore, proper, and they are affirmed, with costs.