On appellant's reconsideration filed November 5, 1985, reconsideration granted, former opinion (75 Or App 448, 707 P2d 615) adhered to January 29, 1986

CASCADE INTERNATIONAL INVESTMENT CO., LTD, a California limited partnership dba Capital Management Co., Ltd., *Respondent,*

*v.*

FOSTER F. KEENE, M.D., P.C. PROFIT SHARING AND RETIREMENT PLAN TRUST, *Appellant.*

(16-82-07747; CA A32834)

713 P2d 623

Harold D. Gillis, Eugene, for petition.

Mark W. Perrin and Perrin, Gartland & Doyle, and Dean S. Kaufman and Kaufman & Stewart, Eugene, contra.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

.

## RICHARDSON, P. J.

Defendant Trust I petitions for Supreme Court review and, therefore, for reconsideration by this court of our decision affirming a judgment that requires Trust I to specifically perform a contract under which it is purchasing real property from plaintiff Cascade. Trust I argues for the first time that, after the trial court entered its judgment, but while the appeal was pending before this court, Cascade reconveyed its interest in the property to Lloyd Kreklau, the seller under an underlying contract, *see* 75 Or App at 450, to settle Kreklau's action to foreclose that contract.[1] Therefore, according to Trust I, (1) Cascade cannot perform its obligation to convey the property to Trust I; (2) Trust I cannot be required to perform; and (3) this court can so hold on the basis of the factual representations and the supporting documentation in Trust I's petition, even though there is of course nothing in the trial court record concerning the post-judgment events which Trust I describes. We disagree with Trust I's third point, and we therefore do not address its first two.

Trust I relies on *Thomas v. Booth-Kelly Co.,* 52 Or 534, 97 P 1078 (1908), and *Kellogg v. Smith,* 70 Or 449, 142 P 330 (1914). Those cases are not in point. They pertain to the ability of appellate courts to rely on evidence, dehors the trial court record, which establishes that "since a judgment was rendered or a decree given, the party appealing therefrom has so dealt with the subject-matter of the suit or action as to preclude him from further asserting his alleged right on appeal." *Thomas v. Booth-Kelly Co., supra,* 52 Or at 536.

In *Thomas* and *Kellogg,* the extra-record evidence was tendered in support of motions to dismiss the appeals on the essential ground that the appellants' post-judgment actions had eliminated their interest in the relief which they sought to obtain on appeal.[2] Here, Trust I does not argue that its appeal

---

[1] The parties did not apprise us of that fact—if such it be—when the appeal was originally before us.

[2] We note that Trust I is the appellant here. In a companion case, *Cascade International Investment Co. v. Keene,* 75 Or App 438, 707 P2d 610 (1985), *adhered to* 77 Or App 569, 713 P2d 625 (1986), we reversed the trial court's denial of specific performance against certain other defendants. One of those defendants, Foster F. Keene, has petitioned for review, *inter alia,* on the same ground that Trust I advances here. We also issue our decision on reconsideration in that appeal today.

should be dismissed. It contends that it is entitled to prevail on the merits of the action by virtue of events subsequent to the judgment and outside the record. Trust I seeks to have Cascade's conveyance of the property considered on *de novo* review as new and dispositive evidence on the factual question of Cascade's readiness, willingness and ability to perform. We cannot consider the evidence for that purpose. *See, e.g., Livesley v. Johnston,* 48 Or 40, 84 P 1044 (1906); *Nessley v. Ladd,* 30 Or 564, 48 P 420 (1897).[3]

Reconsideration granted; former opinion adhered to.[4]

---

[3] We express no view about whether a motion to dismiss, supported by the same evidence from outside the record, could or should be granted in this case or the companion case, *Cascade International Investment Co. v. Keene, supra,* note 2. The question is not jurisdictional, and we decline to decide it *sua sponte.* We nevertheless note that the facts in these cases differ from those in *Thomas, Kellogg* and other cases in which appeals have been dismissed because the appellant has accepted the benefits of the judgment from which he appeals or has divested himself of his interest in the subject matter of the appeal. Further factual development might show that the reason Cascade conveyed the property to Kreklau in lieu of foreclosure was that Trust I and the defendants in the companion case failed to perform the contract which Cascade brought this action to require them to perform. A motion to dismiss the companion case at this point, like the reversal sought through the petition for review in it, would be a transparent attempt by the defendants whom we have ordered to perform the contract to use the consequences of their nonperformance as a basis—at this *very* late stage in the action—for denying Cascade *any* equitable relief.

[4] Cascade does not agree that the conveyance to Kreklau defeats its ability to perform. It points to an "option agreement" between itself and Kreklau, which is also outside the record and which, according to Cascade's attorney, will enable Cascade to convey the property to defendants if the latter perform. The fact that the parties disagree about the extra-record events or about their effect is a further reason that this court cannot consider the parties' extra record factual representations. *See Livesley v. Johnston, supra,* 48 Or at 48.