<hr />

[No. 10,182.]

### Ex Parte LAMSON.

Person imprisoned on Civil Process.—If a judgment is rendered against a defendant in a civil action, convicting him of fraud, and he is imprisoned on an execution issued thereon, the failure of the plaintiff to make a weekly-advance to the jailer, of money sufficient for the support of the prisoner, does not, *per se*, operate a discharge of the defendant. If the prisoner is adequately supported by the jailer, and the latter is willing to trust the creditor for reimbursement, the purpose of the statute is satisfied.

Application to the Supreme Court to be discharged on habeas corpus.

On the 14th day of March, 1871, a judgment was rendered in the District Court of the Fifteenth Judicial Dis-

trict, in favor of A. M. Burns, against the petitioner, in a civil action, for the sum of $15,404.94, and convicting him of fraud.   On the 3d day of August, 1875, the petitioner was arrested on an execution issued on the judgment and imprisoned in the jail in San Francisco.   About one week after the petitioner had been imprisoned, the attorney for the plaintiff called on the deputy sheriff and tendered him twenty dollars to pay for the expense of keeping the prisoner, but he said he was busy and could not receive the money then, and Pierson replied that he could have the money at any time.

On the 16th of September following, Pierson paid the sheriff, for the support of the petitioner, from the time of his arrest to the 24th of September.   On the 23d of September, the petitioner applied to the Supreme Court for his discharge on habeas corpus.

*B. S. Brooks*, for the Petitioner.

*William M. Pierson*, against the discharge.

By the COURT:

The 1154th section of the Code of Civil Procedure requires the plaintiff in execution, who has caused the defendant to be arrested in a civil action, to advance to the jailer moneys sufficient for the support of the defendant while in jail, for one week, and also to make a similar weekly advance for the same purpose during the imprisonment, and provides that in case of the failure of the plaintiff to do so, the defendant must be discharged from custody by the jailer.   The failure upon the part of the plaintiff to comply with these requirements of the statute does not, *per se*, operate a discharge of the defendant.   His interest, so far as he can be said to have one, is merely that he be furnished with proper support while detained in custody.   If he be adequately maintained and supplied, it is no concern of his as to the state of the accounts between the jailer and the plaintiff in execution.   If the plaintiff satisfy the claim of the jailer, or the latter be willing to trust to the former for

reimbursement for supplies furnished the defendant, the purpose of the statute is satisfied.

It results from these views that the prisoner must be remanded, and it is so ordered.