FREDERICK W. VOIGT

*v.*

MARY RESOR.

1. LANDLORD AND TENANT—*liability of latter for rent.* Where a party in possession of a room pays rent to the plaintiff at the end of a quarter, this will afford evidence of the relation of landlord and tenant, and warrant a finding of his liability to pay rent to the plaintiff as long as he occupies the premises.

2. SAME—*liability under lease for rent.* A party in possession of a room under a lease purporting to be made by a third person to the plaintiff's ancestor, with an assignment by such third person to him, can not be held liable for rent under the lease.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. VOIGT & McKENZIE, for the appellant.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit brought by Mary Resor to recover for two months and thirteen days' rent of a room in Powell's Block,

Peoria, from May 31 to August 13, 1874, at $13.33 per month —$32.51.

Plaintiff, in the court below, recovered the amount of her claim, and the defendant appealed.

It appeared that the plaintiff was one of the heirs of E. N. Powell, deceased; that, by a division of the property of the estate among the heirs, plaintiff became the sole owner of this room for which rent is claimed.   There was introduced in evidence, on the trial, a lease from A. M. Scott, of the first part, to E. N. Powell, of the second part, of the room in question, from March 1, 1871, to the 1st of March, 1876, at the rent of $160 per annum, payable quarterly, on the last days of May, August, November and February of each year, on the back of which lease there was an assignment thereof to appellant, dated Dec. 1, 1871, signed by Albert M. Scott, and also an assignment from appellant to Isaac C. Edwards, bearing date August 13, 1874.

There was, doubtless, a mistake in this lease, in the transposition of the names of the lessor and lessee.

Appellant insists upon two grounds of defense: that the lease was one to Powell instead of from him, and that the lease was assigned by appellant to Edwards on the 13th of August, 1874, and as the quarter's rent did not become due until August 31, 1874, he was not liable as assignee for any rent becoming due subsequently to his assignment of the lease.

We do not see that appellant can be charged as assignee under this lease.

But, entirely independent of the lease, we are of opinion there is evidence to establish appellant's liability.

The evidence shows that the husband of the appellee had collected for her from the appellant, rent for the room for a preceding quarter.   This was an acknowledgment by appellant of the existence of the relation of landlord and tenant between appellee and himself, and was evidence to warrant the finding of his liability to pay rent to the appellee so long as he occupied the premises.

The judgment will be affirmed.

*Judgment affirmed.*