EMMA GRIBBIE AND ELIZABETH L. CONANT, APPELLEES, v. GEORGE W. TOMS, APPELLANT.

Argued November 4, 1903—Decided February 23, 1904.

1. Where lands held under lease are severed by the conveyance of a portion thereof from the lessor to a stranger, the rent will be apportioned between the several owners of the reversion.
2. The consent of the tenant is not essential to the apportionment of rent where the reversion is severed.
3. An eviction of the lessee from a portion of the premises demised, done by the grantee of the lessor without the lessor's agency or procurement, does not debar the lessor from recovering rent for that portion of the premises remaining in his ownership.
4. In apportioning rent, the value, and not merely the area of the respective portions of the demised premises, is to be considered.

On appeal from the Second District Court of the city of Newark.

Before Justices FORT and PITNEY.

For the plaintiffs and appellees, *Alfred F. Stevens.*

For the defendant and appellant, *Ernest F. Keer.*

The opinion of the court was delivered by

PITNEY, J. This was an action to recover for use and occupation of lands of the plaintiffs held by the defendant. *Gen. Stat., p.* 1915, § 3. The plaintiffs had judgment below. From the state of the case it appears that the demised premises consisted of a portion of a factory building with the use of machinery and power. In the year 1898 the defendant became tenant thereof under the plaintiffs at an agreed rental of $600 per annum and continued to occupy the premises and to pay the rent until the month of November, 1900. At that time (to use the language of the agreed state of facts) "about one-third of the premises rented was taken away on account of a sale by the plaintiffs, the landlords, made in May, 1900, of the said third to the Pennsylvania Railroad Company, of which taking away and sale said Gribbie, just previously to the taking away, informed Toms. On and after November 1st, 1900, that is to say, after the taking away of the said one-third, Toms refused to pay any rent for the remaining two-thirds, and he thereafter continued to occupy the remaining portion of said premises up to the time of the bringing of this action."

Upon the trial the defendant contended that, because "one-third of the said premises so held by the defendant was taken away," there was a partial eviction and therefore a suspension of rent. The trial court overruled this contention and gave judgment for the plaintiffs for the period covered by the suit, at the rate of $500 per annum instead of $600, the court accepting evidence *aliunde* the lease to show the value

of so much of the premises originally demised as were occupied by the defendant during the period covered by the suit.

The appellant insists that the landlords have been guilty of evicting him from a part of the demised premises and that therefore the entire rent is suspended during the continuance of the eviction. *Hunter* v. *Reiley,* 14 *Vroom* 480; *Morris* v. *Kellle,* 28 *Id.* 218; *Meeker* v. *Spalsbury,* 37 *Id.* 60; *Dolton* v. *Sickel, Id.* 492.

Although the language used in the agreed state of facts is not very clear, we assume (in favor of the appellant) that the averment that "about one-third of the premises rented was taken away," is equivalent to saying that to that extent the demised premises were destroyed so far as concerned their usefulness to the tenant. This, of course, amounts in effect to an eviction. But we think the statement of facts upon a fair construction does not charge it upon the plaintiffs. At the utmost it appears merely that the plaintiffs, during the tenancy, sold a portion of the demised premises to a third party, and that "on account of" this sale an eviction subsequently took place, which resulted in the physical expulsion of the tenant from the portion so sold. From this, however, the reasonable inference is that the grantee of the plaintiffs was responsible for the eviction.

As remarked by the late Chief Justice Beasley, in *Birckhead* v. *Cummins,* 4 *Vroom* 44, 56: "The legal effect of eviction is so penal that the doctrine is not to be favored." In order to impose upon the landlord the penalty of a suspension of the entire rent during the continuance of the eviction it is necessary, in our opinion, that it appear that the eviction was brought about by the landlord himself or by his agency or procurement. The facts before us show that the plaintiffs simply conveyed a portion of the demised premises subject to the lease. In so doing they acted clearly within their rights. The "Act respecting conveyances" declares that every conveyance of lands or of the reversion therein, or of rent, shall be good and effectual without attornment of the tenant. It plainly contemplates the conveyance of a part as well as of

the whole of the lands demised. *Pamph. L.* 1898, *p.* 670, §§ 1, 9, 16, 17. In *Farley* v. *Craig,* 6 *Halst.* 262, 273, this court sustained the right of the landlord to sever the premises demised and apportion the rent by voluntary conveyance made without consent of the tenant. The later case of *Ryerson* v. *Quackenbush,* 2 *Dutcher* 236, has been sometimes treated as holding that the rent cannot be apportioned by the landlord to different persons without the tenant's consent. An examination of the case, however, shows that the statement to this effect in the syllabus is an error. The court (on *p.* 254) conceded the law to be so only for the purposes of the argument, but the authority of Farley *v.* Craig was expressly recognized. See, also, 3 *Kent Com.* (*8th ed.*) *469; 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 289. So in *Reed* v. *Ward,* 22 *Pa. St.* 144, it was held that the rent is apportionable upon a sale of part of the lands demised by the landlord; and in *Linton* v. *Hart,* 25 *Id.* 193, it was held that an eviction by the grantee of a part will not affect the rent growing out of the unsold part. The latter case goes even further than is necessary to support the present action, for there the lessor appears to have assisted his grantee in the dispossession of the tenant from the portion sold.

Whatever confusion may have existed in the early English cases with respect to the right of a reversioner to sue for apportioned rent seems to have arisen out of the form of the action of covenant. The difficulty does not arise at all in the action for use and occupation, which, by the statute, is an action on the case. See the *dictum* of Lord Ellenborough in *Stevenson* v. *Lambard,* 2 *East* 575, 579; 15 *Eng. Rul. Cas.* 704, 707, and the comment thereon by Baron Pollock in *Mayor, &c., of Swansea* v. *Thomas, L. R.,* 10 *Q. B. Div.* 48, 53.

The conveyance by the present plaintiffs to the Pennsylvania Railroad Company left the plaintiffs still entitled to recover a fair proportion of the rent for that part of the premises which remained in their owership. Their conveyance did not authorize the eviction and there is nothing else in the case to charge them with responsibility for it. Their right

to rent, therefore, is not defeated by the eviction, and the trial court was correct in giving judgment in their favor.

Nor was there error in receiving evidence to show the fair rental value of that portion of the premises that remains in the ownership of the plaintiffs. Apportionment of rent is properly based, not merely upon the area of the respective portions, but upon a comparison of their rental values.

The judgment under review should be affirmed.