Argued April 18, affirmed May 16, petition for
rehearing denied June 20, 1951

SEIVERT ET UX. *v.* POWELL ET AL.

231 P. 2d 791
232 P. 2d 806

*Arthur E. Prag* argued the cause for appellants. On the brief were Hoy and Prag, of Portland.

*George E. Bronaugh,* of Portland, argued the cause and filed a brief for respondents.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and TOOZE, Justices.

LATOURETTE, J.

This is a forcible entry and detainer action brought by plaintiffs to recover possession of certain premises theretofore leased to defendants, it being alleged that

plaintiffs are entitled to the immediate and exclusive possession of such property located in the county of Multnomah, of which defendants are in possession and holding the same with force.

Defendants in their answer generally denied the allegations of the complaint and pleaded an equitable defense in substance that they had a ten-year lease on the premises at a rental of $60.00 per month for the first three years of the lease, $75.00 per month for the remaining seven years of the lease, and an option for an extension of five years for the sum of $90.00 per month; that they exercised their option for the five-year extension, and because of certain representations made by plaintiffs regarding a transfer of a portion of the premises to the Oregon State Highway Commission, they continued to pay to plaintiffs $75.00 per month for a period of two months after the expiration of the ten-year period; and that they were in effect lulled into a sense of security by the alleged deception and subterfuges practiced by plaintiffs on them. It was further claimed that plaintiffs had in their hands unearned insurance premiums aggregating $48.18, which defendants had paid to them, which was more than enough to offset the deficiency in the amount of $30.00 in rental for the two months.

It appears from the evidence that while said lease was in full force and effect plaintiffs sold to the highway commission a portion of the leased premises, subject to said lease, and when the instant action was commenced, plaintiffs were not entitled to the possession of all of the premises so leased to defendants, nor were they entitled to the full rental provided for in the lease.

■ Where there is a transfer of the reversion in a part of the leased premises, the transfer carries with it

a proportionate part of the rent, unless there is an agreement to the contrary, for the rent is incident to the reversion and follows the grant. 32 Am. Jur., Landlord and Tenant, § 458; Annotation, 12 A.L.R. 828; 52 C.J.S., Landlord and Tenant, §§ 530, 531; 1 Tiffany, Landlord and Tenant, § 78; *McIntire v. Bond,* 227 Ky. 607, 13 S.W. 2d 772, 64 A.L.R. 630. See also *Schmidt v. Thorsen,* 89 Or. 584, 175 P. 74; *Gribbie et al. v. Toms,* 70 N.J. Law, 522, 57 A. 144.

■ There is nothing in the record to indicate the proportionate share of the rental to which plaintiffs were entitled under the lease. The lease required a rental payment of $90.00 per month for the entire premises, and since the rentals were not segregated as between the plaintiffs and the highway commission after the transfer to the commission, there is no way for the court to determine whether the two payments of $75.00 each made by the tenants equaled or exceeded the proportionate share of rental to which the plaintiffs were entitled, and the trial court was in no position to hold, by reason thereof, that defendants were in default in their payment of rental so far as plaintiffs were concerned.

The case was tried and argued as an equitable proceeding in the trial court, and a decree was entered finding the equities in favor of defendants and against the plaintiffs. All parties concede that we are to try the case *de novo* on appeal.

It appears that while negotiations were pending between plaintiffs and the highway commission, plaintiffs came to defendants to inquire about how much they would take for a cancellation of the lease, which occasioned a reply from defendants that they would accept $7,500.00. Defendants' evidence is undisputed that

plaintiffs promised to take the offer up with the highway commission and give defendants an answer. Plaintiffs acquainted the highway commission with defendants' offer, but in the interim, sold the property to the commission without giving defendants an answer.

After the sale to the highway commission had been consummated and after the ten-year lease period had expired, plaintiffs accepted from defendants a $75.00 rental payment on the extended lease without apprising them of the sale to the commission. When the next monthly rental payment was due, defendants tendered to plaintiffs another $75.00 rental payment, which plaintiffs rejected, and brought the present action. During all this time, plaintiffs told defendants nothing of the sale to the highway commission, nor did they know of it until the day of the trial. Such conduct on the part of the plaintiffs was highly inequitable. Affirmed.

## On Rehearing

*Arthur E. Prag,* of Portland, for the petition.

*George E. Bronaugh,* of Portland, for respondents.

Before Brand, Chief Justice, and Hay, Lusk, Latourette and Tooze, Justices.

## LATOURETTE, J.

In plaintiff's petition for rehearing, it is first urged that, "The Court erred in holding that the plaintiffs were not entitled to the full rental provided in the lease." No attempt is made by plaintiffs to meet or overcome the authorities cited by this court in the original opinion. On the other hand, plaintiffs' posi-

tion is that, "* * * the tenant cannot even question the landlord's title as long as the tenant remains in possession, *and the Court is in no position to do it for him.*"

■■ The law denying a tenant's right to dispute the landlord's title is based on § 2-406, O.C.L.A., subsection 5, which reads as follows: "A tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation;", which simply means that a tenant cannot challenge the title of the landlord up to and including the time of execution of the lease. Matters affecting the title subsequent to the date of the execution of the lease are not within the purview of the above section. This rule is well laid down in 32 Am. Jur., Landlord and Tenant, 119, § 114, as follows:

> "The estoppel of the tenant extends only to a denial of the title which the landlord had at the time of the lease, and ordinarily a tenant is not estopped to deny that the landlord had any greater estate than is necessary to support the tenant's lease. The estoppel is not applied except where the tenant undertakes to set up a title inconsistent with the idea that at the time he took the possession, the landlord had the title which was recognized between them, and is subject to well-settled exceptions arising from matters happening subsequent to the creation of the tenancy. While a tenant cannot dispute his landlord's title so long as it remains as it was at the time the tenancy commenced, he may show that such title has during the tenancy expired or been transferred."

Plaintiffs have cited a number of cases and feature the following:

In *Kiernan v. Terry,* 26 Or. 494, 500, 38 P. 671, this case being an action for rent, plaintiff, on August 1,

1892, leased to defendant certain property for a " 'floating house or beer garden.' " The answer alleged that on November 1, 1891, defendant purchased from another party said floating house, and that plaintiff falsely represented to him that he was liable for rent. We said: "It is a well settled rule of law that a tenant, having taken possession under a lease, is estopped to deny his landlord's title *at the time it was made,* so long as he continues in possession under the lease." (Italics ours).

In *Elwert v. Marley,* 53 Or. 591, 99 P. 887, 101 P. 671, a suit was brought against one Olsen et al. to determine title to certain wharfage rights on the Willamette River. After the decree was rendered in favor of plaintiff, Olsen entered into a written lease with one Parelius, a grantee of plaintiff, covering the premises involved. On motion to dismiss the appeal, the court sustained the motion on the ground that Olsen by becoming a tenant of Parelius estopped himself from disputing the latter's title.

In *Treadgold v. Willard,* 81 Or. 658, 160 P. 803, defendant's answer in an action to recover rental from him by the landlord contained a further defense that the landlord had no wharfage or other rights which it undertook to lease by reason of a decree rendered against it in the circuit court of Coos County. It was asserted that by reason thereof the lessee never became the lessor's tenant. We held that such a defense could not be entertained since the tenant could not dispute his landlord's title.

In *Security Savings & Trust Co. v. Ogden,* 123 Or. 370, 261 P. 69, it appears that the plaintiff brought ejectment action against defendant, who claimed title by adverse possession. It appears that defendant leased

the property in question from plaintiff's predecessor in title. We held that he could not dispute his landlord's title.

All of the above cases and others cited by plaintiff's go to the proposition that a tenant cannot deny his landlord's title at the time of the commencement of the relation, which is a different situation from that which we have in the case at bar, where the landlord deeded away a part of the premises after the lease was entered into.

Plaintiffs next contend that we went outside the issues as made by the pleadings. It will be recalled that plaintiffs filed the usual complaint in an F.E.D. action. Defendants filed a general denial and then set up what they called an equitable defense. The case was tried below as an equity suit and likewise before us. It is debatable whether under a general denial in an F.E.D. case defendant may show that a plaintiff has transferred to a third party a portion of the leased premises although there is authority that such evidence is admissible on the theory that under the general issue any evidence is admissible which contradicts or directly tends to contradict the allegations which the plaintiff must prove in order to sustain his case. See *Horn v. Davis,* 70 Or. 498, 142 P. 544; *Buff v. Schafer,* 157 Minn. 485, 196 N.W. 661.

■ However, in the case at bar, plaintiffs themselves proved by their evidence that while the lease was in good standing they transferred a portion of the premises to the State Highway Commission. They are in no position to claim that defendants failed to plead such transfer in their answer because by their very showing they have disproved that they are entitled to the possession of the entire premises, and that they

are entitled to the whole rent required by the lease, since, as we held in our original opinion, the transfer to the highway commission carried with it a proportionate share of the rental unless there was an agreement to the contrary, the record being devoid of evidence of the latter. Having disclosed that they had sold a portion of the premises to the highway commission, plaintiffs should have gone further, if it were a fact, and offered evidence that when they sold a portion of the premises to the highway commission, they reserved the entire rental under the lease.

An analogous situation would be where a plaintiff had sued on an account and at the trial gave evidence that prior to the filing of the action he had assigned to a third party a portion of the account. It certainly could not be contended that such plaintiff could recover on the entire account.

As pointed out in our original opinion, there is nothing in the record to show the proportionate share of the rental to which plaintiffs were entitled, and that, therefore, the evidence did not disclose whether or not defendants were in default to plaintiffs in their rental payments. Defendants not being in default in the payment of rental to plaintiffs, plaintiffs' case fell by its own weight.

The other points assigned are directed to the equitable phase of the controversy, and since we have held that plaintiffs have not proved their case, it will be unnecessary to discuss them.

Petition for rehearing denied.